NO. 07-09-0262-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JANUARY 7, 2010
_____

BRET ALAN AVERY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 251ST DISTRICT COURT OF RANDALL COUNTY;

NO. 19996-C; HONORABLE ANA ESTEVEZ, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**ON ABATEMENT AND REMAND**

Appellant, Bret Alan Avery, appeals from his conviction for possession of a controlled substance in a drug-free zone and sentence, pronounced on July 23, 2009, of 17 years incarceration in the Texas Department of Criminal Justice, Institutional Division. Appellant filed notice of appeal on August 3, 2009.

The clerk's record was filed on September 24, 2009. The reporter's record was due on October 26, 2009. The reporter neither filed the record nor requested an extension of time to file the record by that date. On November 13, 2009, the reporter

requested an extension of time to file the record and indicated that the record was being edited at that time. The Court granted this extension request, making the reporter's record due on December 7, 2009. On December 8, 2009, the reporter again filed a request for extension of time to file the record indicating that she was having a difficult time editing the record "due to the sound I am proofing with as well as the way the attorneys presented their cases." The Court granted this extension request, making the reporter's record due on December 28, 2009. On December 29, 2009, the reporter filed a third request for extension of time to file the record indicating only that "I am completing this record. Please give me 30 more days." According to the reporter's monthly report, this record is "being proofread." There is no explanation provided as to why the reporter needs 30 days to proofread the record in this case. As such, we deny the reporter's third request for extension of time to file the reporter's record as not being supported by good cause.

Accordingly, we abate this appeal and remand the cause to the trial court for further proceedings. See TEX. R. APP. P. 35.3(c). Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine whether the reporter's caseload is such that an alternate or substitute reporter should or can be appointed to complete the record in this appeal in a timely manner. If so, the trial court is directed to take whatever steps are necessary to ensure that the reporter's record in this appeal is filed as soon as practicable.

The trial court shall cause the hearing to be transcribed. In addition, the trial court shall (1) execute findings of fact and conclusions of law addressing the foregoing

2

issues, (2) cause a supplemental clerk's record to be developed containing its findings of fact and conclusions of law and any orders it may issue relating to this matter, and (3) cause a reporter's record to be developed transcribing the evidence and arguments presented at the aforementioned hearing, if any. The trial court shall then file the supplemental clerk's record and any reporter's record transcribing the hearing with the Clerk of this Court on or before February 8, 2010. Should further time be needed by the trial court to perform these tasks, same must be requested before February 8, 2010.

It is so ordered.

Per Curiam

Do not publish.